UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ASSET VISION, LLC, an Idaho limited liability company, and DEER VALLEY TRUCKING INC., an Idaho corporation,<br><br>                    Plaintiffs,<br><br>        v.<br><br>CREG FIELDING, an individual, BRAD HALL, an individual, COLE HALL, an individual, and BRAD HALL & ASSOCIATES, INC., an Idaho corporation,<br><br>                    Defendants. | Case No. 4:13-cv-00288-BLW<br><br>CASE MANAGEMENT ORDER<br>TRACK:  (Expedited) |

In accordance with the agreements reached in the telephone scheduling conference held between counsel and the Court on **November 6, 2013**, and to further the efficient administration of this matter,

NOW THEREFORE IT IS HEREBY ORDERED that the following recitation of deadlines and procedures shall govern this litigation:

1.    Dispositive Motion Deadline: All dispositive motions shall be filed by **July 31, 2014**.[1] This deadline will **not** be extended even if you are having discovery

---

[1] It is this Court's policy to accept only one (1) motion to dismiss and one summary judgment motion per party. If it appears, due to the complexity or numerosity of issues presented, that counsel is unable to address all issues within the twenty-page (20) limit for briefs, Dist. Idaho Loc. R. 7.1(b)(1), then it is appropriate to file a motion for permission to file an overlength brief, rather than filing separate motions for each issue. The Court prefers reviewing one over-length brief in support, one over-length brief in response, and one 10-page reply brief, if any, rather than the panoply of briefs that are generated

disputes.

a.  This is the critical event for case management and will dictate when the trial will be set.

b.  As provided below, a trial setting conference will be scheduled immediately following resolution of all dispositive motions. To facilitate a prompt trial setting, I will make every effort to schedule oral argument within 60 days and issue a decision within 30 days after the oral argument. If a decision is not issued within this time frame, I invite inquiry from counsel as to the status of the decision.

2.  <u>Amendment of Pleadings and Joinder of Parties</u>: All motions to amend pleadings and join parties, except for allegations of punitive damages, shall be filed on or before **February 28, 2014**. This deadline shall only be extended for good cause shown.[2] All parties are entitled to know the claims and parties well-before trial rather than be forced to pursue or defend against a moving target. Although this deadline precedes the general discovery deadline, the parties are directed to send out all discovery requests that might relate to amendment or joinder enough in advance of this amendment and joinder deadline to obtain the responses needed to

---

when multiple motions are filed.

[2] The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992).

        make an informed decision on amendment and joinder.

3.     <u>Alternative Dispute Resolution Plan</u>:  The parties shall also file an ADR plan by **January 31, 2014**.  The ADR plan must indicate the form of ADR that will be utilized and the date on which it will be conducted.

4.     <u>Discovery Plan</u>:  **All discovery shall be in accordance with the Federal Rules of Civil Procedure and the Local Rules**.

    a.     Disclosures: to take place no later than **December 15, 2013**.

    b.     Depositions: limited to 6 per side, not including experts, if any, which may be separately deposed.

    c.     Interrogatories: Federal limit of 25 enforced.

    d.     ESI: As set forth in stipulation and Order (Dkts. 34 and 37).

    e.     Privilege and work product: A presumption shall apply that emails to and from attorneys in the first instance are privileged and/or work product and need not be produced or reviewed for production. The parties agree to exchange privilege logs at a mutually agreeable time. The parties further agree that privileged communications made after the date on which the Complaint was filed (July 2, 2013) need not be logged.

5.     <u>Completion of Discovery</u>:  All fact discovery will be completed by **June 30, 2014**.   All expert discovery will be completed by **July 14, 2014**. This is a deadline for the <u>completion</u> of all discovery; it is not a deadline for discovery <u>requests</u>.  Discovery requests must be made far enough in

advance of this deadline to allow completion of the discovery by the deadline date.  The parties may, by stipulation, agree to defer some trial-related discovery, such as discovery related to damages issue, until after I have ruled on any dispositive issues.

6. <u>Disclosure of Experts</u>:

    a. The Plaintiff shall disclose the experts intended to be called at trial on or before **May 9, 2014**.

    b. The Defendant shall disclose the experts intended to be called at trial on or before **June 9, 2014**.

    c. All rebuttal experts shall be identified on or before **June 23, 2014**.

7. <u>Rules Governing Disclosure of Expert Witnesses</u>:  Within the deadlines for the disclosure of expert witnesses set out above, the parties shall also provide – for each expert disclosed – the report described in Fed. R. Civ. P. 26(a)(2)(B), as modified by Local Rule 26.2(b).  Supplementation to the expert witness report shall be done in accordance with Fed. R. Civ. P. 26(e)(1).  Pursuant to Local Rule 26.2(b), expert witnesses will not be allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition.  This includes rebuttal experts.  No undisclosed expert rebuttal opinion testimony will be allowed at trial.

8. <u>Scheduling of Trial and Pretrial Conference</u>.  Plaintiff's counsel shall contact In-Court Deputy Jamie Gearhart within one week following the

entry of a decision on all pending dispositive motions to make arrangements for a telephone scheduling conference between counsel and me in which the trial and pretrial conference shall be set.  If no dispositive motion is filed, Plaintiff's counsel shall immediately contact Ms. Gearhart within one week of the dispositive motion filing deadline to set a telephone scheduling conference.

9. Law Clerk:  If counsel has a procedural or legal question that needs to be brought to my attention, please contact Jeff Severson, the law clerk assigned to this case at (208) 334-9027.

10. Handling of Discovery Disputes and Non-disposition Motion:

   a. I will **not** refer this case to a magistrate judge for resolution of discovery disputes and non-dispositive motions.  I will keep these motions on my own docket.

   b. The parties will strictly comply with the meet and confer requirements of Local Rule 37.1 prior to filing any discovery motions.

   c. In addition, I will not entertain any written discovery motions until the Court has been provided with an opportunity to informally mediate the parties' dispute.  To facilitate that mediation, the attorneys will first contact Jeff Severson, the law clerk assigned to this case, and shall provide him with a brief written summary of the dispute and the parties' respective positions.  Mr. Severson may be able to offer suggestions that will resolve

       the dispute without the need of my involvement.  If necessary, an off-the-record telephonic conference with me will then be scheduled as soon as possible.  I will seek to resolve the dispute during that conference and may enter appropriate orders on the basis of the conference.  I will only authorize the filing of a discovery motion and written briefing if we are unable to resolve the dispute during the conference.

    d.    Prior to filing any discovery motions, counsel must certify, not only that they have complied with Local Rule 37.1, but that they have complied with the foregoing procedures.

11.    <u>Calendaring Clerk</u>:  With regard to any scheduling matters or calendar issues, please contact my deputy clerk, Jamie Gearhart at (208) 334-9021.

12.    <u>Docketing Clerk</u>: If you have a docketing question, please contact a docket clerk at (208) 334-1361.

DATED:  **November 6, 2013**

*[Signature]*

B. LYNN WINMILL
Chief U.S. District Court Judge