# United States District Court
# District of Idaho

| | |
|---|---|
| ASSET VISION, LLC, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>CREG FIELDING, *et al.*,<br><br>    Defendants. | 4:13-CV-288-BLW-E<br><br>Order |

      The Court has considered the motion of Plaintiff Asset Vision, LLC ("Asset Vision"), for a preliminary injunction, together with the moving and opposing papers.

      A plaintiff seeking a preliminary injunction must establish that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249, 261 (2008).

      Asset Vision may be able to establish three of the four prongs, however, it has not established that it is likely to suffer irreparable harm. A showing of likelihood of success

on the merits in a copyright infringement claim no longer raises a presumption of irreparable harm. *Perfect 10 v. Google, Inc.*, 653 F.3d 976, 981 (9th Cir. 2011).

Asset Vision waited nearly eight months after discovering the alleged infringement, and five months after filing this action, before it moved for a Preliminary injunction. That implies a lack of urgency and irreparable harm. *Oakland Tribune, Inc. v. Chronicle, Publishing Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985). For example, a five month delay demonstrated the lack of irreparable harm in *Playboy Enter., Inv. v. Netscape Communications, Corp.,* 55 F. Supp. 2d 1070, 1090 (C.D. Cal.)(Stottler, J.), *aff'd* 202 F.3d 278 (9th Cir. 1999).

Another factor courts have considered is whether the plaintiff has or will accept compensation for its rights. The evidence shows that Asset Vision licensed the Asset Vision source code to Deer Valley and offered a license to Brad Hall & Associates, so it is clear that Asset Vision is willing to forgo its rights for compensation. That evidence suggests that any injury suffered by Asset Vision would be compensable in damages assessed as part of the final judgment in the case. *High Tech Medical Inst., Inc. v. New Image Ind., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995). While *High Tech* was a patent case, the concept has been applied to copyright cases as well. In *Fox Broadcasting Co. Inc. v. Dish Network, L.C.C.*, 905 F. Supp. 2d 1088, 1110 (C.D. Cal. 2012), *aff'd* __ F.3d __, 2014 WL 260572 (9th Cir. Jan 24, 2014), Judge Gee found that, since Fox licensed its copyrighted material to others, the copyrighted material had a determinable market value and, thus, money damages would suffice.

Asset Vision asserts that money damages would be inadequate if the defendant is not able to satisfy a judgment. Asset Vision relies upon the holding that "a district court has authority to issue a preliminary injunction where the plaintiffs can establish that money damages will be an inadequate remedy due to impending insolvency of the defendant or that defendant has engaged in a pattern of secreting or dissipating assets to avoid judgment." *In re Estate of Marcos*, 25 F.3d 1467, 1480 (9th Cir. 1994). However, other than showing that the defendant currently has an income that is nearly matched by

his expenses and a small savings account, plaintiff has not offered any evidence regarding the amount of damages.

Asset Vision delayed seeking a preliminary injunction, money damages will suffice, and it has not been established that the defendant will not be able to pay any money damages, therefore,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion for a preliminary injunction be, and hereby is, 𝕯𝖊𝖓𝖎𝖊𝖉.

Date: February 26, 2014

_____
Terry J. Hatter, Jr.
Senior United States District Judge