UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ASSET VISION, LLC, and Idaho limited liability company, and DEER VALLEY TRUICKING INC., an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>CREG FIELDING, an individual, BRAD HALL, an individual, COLE HALL, an individual, and BRAD HALL & ASSOCIATES INC., and Idaho corporation,<br><br>Defendant. | Case No. 4:13-cv-00288-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Brad Hall & Associates' (BH&A) Motion for Attorneys' Fees and Costs (Dkt. 88). The Court has determined that oral argument would not significantly assist the decisional process and will therefore consider the matters without a hearing. Being familiar with the record and having considered the parties' briefing, the Court will grant the motion and award $86,154.03 in fees and costs to BH&A against Asset Vision.

## BACKGROUND

Asset Vision filed a complaint (Dkt. 1) against Creg Fielding for copyright infringement and related claims for developing software called FreightBooks. Asset

Vision amended the complaint (Dkt. 12) to include BH&A as a defendant. BH&A denies any involvement in the use or development of the FreightBooks software, and claims they don't know why they were ever involved in this lawsuit. *Memo* At 6, Dkt. 88-1. Asset Vision insists that BH&A was using the FreightBooks software, but ultimately all claims against BH&A were dismissed with prejudice through a motion to dismiss (Dkt. 50), and an ensuing settlement and stipulation. *Order* Dkt. 86. BH&A now seeks attorney's fees in accordance to Section 505 of the Copyright Act. 17 U.S.C. § 505.

**LEGAL STANDARD**

Section 505 of the Copyright Act gives courts discretion to "allow the recovery of full costs" and "reasonable attorney's fee to the prevailing party." Id. The Ninth Circuit has stated that a court should exercise its discretion in light of several nonexclusive considerations, including (1) the degree of success obtained; (2) frivolousness; (3) objective unreasonableness "both in the factual and legal arguments in the case"; (4) motivation; and (5) the need "to advance considerations of compensation and deterrence." *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir.1994) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)).

In weighing these factors, "[c]ourts should keep in mind the purpose [ ] of the Copyright Act," which is to "promote creativity for the public good." *Id*. Though a court's discretion may be influenced by the plaintiff's culpability, "blameworthiness is not a prerequisite to awarding fees to a prevailing defendant." *Fantasy, Inc. v. Fogerty*, 94 F.3d

553, 558 (9th Cir.1996). Overall, "[f]aithfulness to the purposes of the Copyright Act is . . . the pivotal criterion." *Id*.

## ANALYSIS

### A. Recovering Attorney's Fees

#### 1. Degree of Success

The Supreme Court has considered what constitutes a "prevailing party" where a plaintiff settles rather than proceeding to a determination on the merits. The Court concluded that a party who settles their claims may be a prevailing party if the settlement requires "a material alteration of the legal relationship of the parties." *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 604 (2001) (construing the attorney's fees provisions in the Federal Housing Amendments Act ("FHAA") and the Americans With Disabilities Act ("ADA")). See also *Richard S. v. Dep't of Developmental Services* 317 F.3d 1080, 1086 (9th Cir.2003); *Barrios v. California Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002).

The obvious alteration of the legal relationship is the dismissal of all claims with prejudice against BH&A. In question here is whether BH&A's agreement not to use the FreightBooks software as part of a settlement constitutes a material alteration of the legal relationship of the parties, thus affecting BH&A's prevailing party status.

Asset Vision argues that ending BH&A's use and access to FreightBooks is exactly the outcome sought through litigation, so BH&A is not a prevailing party. Asset Vision also settled with Cole Hall and Teton who appear to be the developers of the software in

question. Consequently, the settlement with Cole Hall and Teton "not [to] use, copy, distribute, sell or create derivatives works of FreightBooks or encourage others to copy, distribute, sell or create derivative works of FreightBooks" would extend not only to BH&A, but essentially every business. *Resp.* at 16 Dkt. 100. By limiting the software at the source, no business may legally use, copy, distribute, sell or create derivative works of FreightBooks. BH&A's inclusion in the settlement is ceremonial at best, and does not alter the legal relationship of the parties. *Buckhannon Board and Care Home*, 532 U.S. at 604 (2001).

### 2. Frivolousness

A claim is frivolous if "the result is obvious, or the arguments of error are wholly without merit.' *Wilcox v. Commissioner*, 848 F.2d 1007, 1009 (9th Cir.1988). Here, the Court dismissed all claims on a motion to dismiss—except the copyright infringement claim, and never ruled on the merits of that claim. But, even the most factually and legally sound claims become frivolous if they are asserted against the wrong party. Here, the facts strongly suggest that BH&A was the wrong party, but absent further proceedings, the Court cannot proclaim the charges as frivolous.

### 3. Objective Unreasonableness

Even mistaken claims are still reasonable if the mistake is innocent. But a claim becomes more unreasonable when opportunities to correct or fix a claim are passed over. The Court is concerned with Asset Visions unwillingness to meet and discuss its claims against BH&A when requested. Until they were ultimately dismissed with prejudice,

Asset Vision's claims against BH&A became increasingly unreasonable because of asset Vision's refusal to discuss them with BH&A. Because there are also questionable motives in bringing claims against BH&A, there is doubt about whether these claims were ever reasonable. This factor weighs in BH&A's favor.

4. **Motivation**

The Court is concerned that claims were filed against BH&A after they were offered a "royalty free license to the Asset Vision Source Code in exchange for assistance in connection with a lawsuit against Fielding…" *Resp.* at 7, Dkt. 100. This contradicts Asset Vision's claim that their goal in filing the lawsuit was "to have BHA cease using the infringing software . . . ." Id. at 13. It seems apparent, and Asset Vision alludes to as much, that the lawsuit against BH&A was less about their alleged use of software, and more about leverage over "Cole Hall and Teton to stop their infringing activity." Id at 14. This is not an acceptable motivation under the Copyright Act, and if true, is certainly bad faith. This factor weighs in BH&A's favor.

5. **The need to advance considerations of compensation and deterrence.**

The Copyright Act's "ultimate aim is . . . to stimulate artistic creativity for the general public good." *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156, 95 S.Ct. 2040, 45 L.Ed.2d 84 (1975). A successful defense of a copyright claim can increase public exposure to creative works and stimulate creativity. *Fogerty,* 510 U.S. at 527, (1994). "Thus a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an

infringement claim by the holder of a copyright." *Id*. Accordingly, defendants who have meritorious defenses should "be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Id*.

Through settlement, Asset Vision has now successfully prevented infringing software from being used and distributed. The goals of Asset Vision, and the ultimate outcome, is directly in line with the purpose of the Copyright Act "to stimulate artistic creativity for the general public good." *Aiken*, 422 U.S. at 156, (1975). But, even if Asset Vision's intentions were harmonious with the purpose of the Copyright Act, Asset Vision appears to have perversely employed the Act against BH&A to gain leverage over Cole Hall and Teton. Doing so frustrates the integrity of the Act. Here, attorney's fees are appropriate to protect the integrity of the Copyright Act.

Because BH&A is the prevailing party, and because the factors weigh in their favor, BH&A is entitled to costs and reasonable attorney's fees.

**B.     Reasonable Fees**

The Court must next address the reasonableness of the proposed fee award under the established Ninth Circuit fee-shifting case law. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). A reasonable attorney fee is determined by calculating the "lodestar," which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*.

**1.  Reasonable Rate**

To determine a reasonable hourly rate, the district court looks to hourly rates prevailing in the relevant legal community for similar work performed by attorneys of comparable skill, experience, and reputation. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir.2011) (per curiam). The "relevant legal community" is generally the forum in which the district court sits. *Mendenhall v. NTSB*, 213 F.3d 464, 471 (9th Cir.2000).

Attorneys and staff request the following rates for work performed in 2013 and 2014: Dana Herberholz $245/$260; Juliette White $270/$280; Jonathan Love $190/$200; Janelle Finfrock $125/$130. Attorney Herberholz submitted an affidavit stating that these are reasonable rates in the area for work performed by attorneys of comparable skill, experience, and reputation. They are also in line with rates this court has deemed reasonable. *Scentsy, Inc. v. BR. Chase, LLC,* Case No. 1:11-cv-00249, at *5 (D. Idaho August 26, 2013) Asset Vision does not object to these rates, and the Court finds that they are reasonable.

### 2. Reasonable Hours

Asset Vision disputes whether BH&A is entitled to attorney's fees for work performed on claims other than the copyright claim. Asset Vision does not otherwise dispute the reasonableness of the hours claimed by BH&A.

Asset Vision asks that BH&A resubmit their bill of costs and schedule of fees to only include costs and fees incurred in connection with the Copyright Clams because costs incurred in defending non-Copyright Act/Lanham Act claims are not recoverable. *Ritchie v. Gano*, 754 F.Supp.2d 605, 609 (S.D.N.Y. 2010). But unlike the 2nd Circuit, the

9th Circuit allows for recovery in a Copyright Act case of "attorney's fees incurred in defending against that one claim or any 'related claims.' " *Entertainment Research Group, Inc. v Genesis Creative Group, Inc*, 122 F.3d 1211, 1230 (9th Cir. 1997)(quoting *Hensley* 461 U.S. at 434–35,(1983)). This Court has already concluded that Asset Vision's complaint consisted of copyright infringement and related claims. *Asset Vision, LLC v. Fielding*, No. 4:13-CV-00288-BLW, at *2 (D. Idaho Dec. 17, 2013).

Refiling a bill of costs and schedule of fees is not necessary here. The Court finds the hours billed reasonable.

### 3. Lodestar Adjustment

After making the lodestar computation, courts sometimes assess whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of several factors. *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). Those factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. at 746.

However, "The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and

detailed findings by the lower court[ ] that the lodestar amount is unreasonably low or unreasonably high." *Van Gerwen v. Guarantee Mut. Life Co.,* 214 F.3d 1041, 1045 (9th Cir.2000).

Nothing in the record suggests that the lodestar amount here is unreasonably low or unreasonably high. Therefore, the Court will award BH&A attorney's fees in the amount of $84,375.50.

**C.    Costs**

Taxable costs are allowed by 28 U.S.C. § 1920 and reasonable non-taxable costs under 28 U.S.C. § 1920. See *Secalt S.A. v. Wuxi Shenxi Const. Mach. Co., Ltd.,* 668 F.3d 677, 687–88 (9th Cir.2012) (holding that "attorney's fees under the Lanham Act may also include reasonable costs that the party cannot recover as the 'prevailing party.' "); *Twentieth Century Fox Film Corp. v. Entertainment Distributing*, 429 F.3d 869, 884–85 (9th Cir.2005) (holding that "district courts may award otherwise non-taxable costs, including those that lie outside the scope of § 1920, under § 505"). Asset Vision does not object to BH&A's requested costs. The Court finds BH&A's costs of $1,778.63 reasonable and recoverable.

Accordingly, the Court will grant an award of costs in the amount of $1,778.53 for court and litigation expenses and attorney fees in the amount of $84,375.50.

**ORDER**

**IT IS ORDERED:**

1. Defendant's Motion for Attorney's Fees and Costs (Dkt. 88) is **GRANTED**. BH&A's is granted $1,778.53 for court and litigation expenses and attorney fees in the amount of $84,375.50.

DATED: December 16, 2014

B. Lynn Winmill
Chief Judge
United States District Court