UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ASSET VISION, LLC, and Idaho limited liability company, and DEER VALLEY TRUICKING INC., an Idaho corporation,<br><br>PlaintiffS,<br><br>v.<br><br>CREG FIELDING, an individual, BRAD HALL, an individual, COLE HALL, an individual, and BRAD HALL & ASSOCIATES INC., and Idaho corporation,<br><br>DefendantS. | Case No. 4:13-cv-00288-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Brad Hall & Associates, Inc.'s ("BH&A") Motion for Entry of Judgment in Favor of Brad Hall & Associates, Inc. (Dkt. 109). The Court has determined that oral argument would not significantly assist the decisional process and will therefore consider the matters without a hearing. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On December 23, 2013, plaintiffs Asset Vision and Deer Valley Trucking ("DVT") filed a Second Amended Complaint against BH&A and Creg Fielding. The complaint contained six claims: (1) copyright infringement against both defendants; (2)

MEMORANDUM DECISION AND ORDER - 1

contributory copyright infringement against both defendants; (3) violation of Idaho Trade Secrets Act against both defendants; (4) Idaho Uniform Declaratory Judgment Act against both defendants; (5) breach of contract against only Fielding; and (6) breach of the covenant of good faith and fair dealing against only Fielding. (Dkt. 55). The first four claims were asserted on behalf of only Asset Vision, while the last two claims were asserted on behalf of both plaintiffs. (Dkt. 55).

On June 27, 2014, both plaintiffs and defendant BH&A filed a Stipulation for Dismissal with Prejudice. (Dkt. 85). The parties agreed to the dismissal of all claims against BH&A. The fact that both plaintiffs joined in the stipulation does not change the fact that the only claims against BH&A in the Second Amended Complaint were on behalf of only Asset Vision, not DVT. In the stipulation, the parties also agreed that BH&A could move for attorneys' fees and costs. (Dkt. 85). On June 30, 2014, the Court granted the stipulation. (Dkt. 86).

On July 30, 2014, BH&A filed a motion for attorneys' fees and costs. The motion was brought and argued pursuant to Section 505 of the Copyright Act.

On August 8, 2014, both plaintiffs and defendant Fielding filed a Joint Motion for Entry of Final Judgment by Consent. (Dkt. 91). The parties asked the Court to enter a Consent Judgment which included, among other statements, that the parties would bear their own costs and attorneys' fees incurred in this action. (Dkt. 91). The Court entered the Consent Judgment on August 15, 2014. (Dkt. 93).

On December 16, 2014, the Court granted BH&A's motion for attorneys' fees and costs and awarded BH&A $86,154.03 in fees and costs against only Asset Vision. BH&A now asks the Court to order that Asset Vision and DVT be jointly and severally liable for these fees and costs.

## ANALYSIS

Section 505 of the Copyright Act gives courts discretion to "allow the recovery of full costs" and "reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. The Ninth Circuit allows for recovery in a Copyright Act case of "attorney's fees incurred in defending against that one claim or any 'related claims.'" *Entertainment Research Group, Inc. v Genesis Creative Group, Inc*, 122 F.3d 1211, 1230 (9th Cir. 1997)(quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434–35 (1983)). Under this standard, the Court awarded fees and costs to BH&A against Asset Vision, but not against DVT.

DVT asserted no claims – copyright, copyright-related, or otherwise – against BH&A. DVT asserted only the breach of contract and breach of the covenant of good faith and fair dealing claims against Fielding. Those claims against Fielding were settled through the Consent Judgment, where the parties specifically agreed that they would bear their own costs and attorneys' fees incurred in this action. Under these circumstances, there is no authority to award BH&A attorneys' fees and costs against DVT – DVT filed no claims against BH&A and it settled its claims against Fielding with each party bearing its own costs and fees. Accordingly, the Court will deny the motion.

## ORDER

**IT IS ORDERED:**

1. Brad Hall & Associates, Inc.'s ("BH&A") Motion for Entry of Judgment in Favor of Brad Hall & associates, Inc. (Dkt. 109) **DENIED**.

DATED: April 29, 2015

B. Lynn Winmill
Chief Judge
United States District Court